CONA JACKSON, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF LARNIE JACKSON, DECEASED, PLAINTIFF-RESPONDENT, v. JOHN J. GEIGER ET AL., TRADING AS JOHN S. GEIGER & SONS, AND JOSEPH COSIELLO, DEFENDANTS-APPELLANTS.

Decided August 10, 1926.

Negligence—Death of Bicycle Rider in Collision With Motor Truck—Testimony of Witness Taken De Bene Esse—Objections of Respondent Sustained by the Court—Appellant Contends That This Ruling is Erroneous Because No Objections Had Been Lodged Against Such Questions and Answers at the Time the Depositions Were Taken—Held, That Objections Made to the Competency of the Witness and to the Relevancy of the Testimony, if Made When the Depositions are Offered at the Trial, are Timely and That They Need Not to Have Been Made at the Time of Taking the Depositions—Objections to the Procedure of Taking and to the Form of the Document Must be Made Before Trial, as Well as Objections to the Manner of the Interrogatories.

On appeal from a judgment of the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellants, *Jacob Schneider.*

For the respondent, *Israel B. Greene.*

PER CURIAM.

The respondent has a judgment for $10,000 for damages for the death of her intestate. This is the result of a retrial of the cause. The result of the first trial was a judgment of nonsuit directed upon the ground of the contributory negligence of the decedent. This was reversed by the Court of Errors and Appeals. 2 *N. J. Adv. R.* 1653.

The appellant Cosiello was driving a motor truck of the defendants, John S. Geiger & Sons, in a southerly direction on Lincoln Park, Newark, and in so doing crossed Clinton avenue and proceeded in an easterly direction on Lincoln Park until he reached Pennsylvania avenue. The distance between Clinton and Pennsylvania avenues being one hundred and fifty feet. Ten or fifteen feet east of the intersection of Clinton avenue and Lincoln Park, Larnie Jackson, respondent's intestate, and his companion, Hall, both of whom were riding bicycles, allowed the truck to pass them, and when it was five feet ahead they followed and overtook it. Hall riding to the left of the truck and Jackson to the right. When the truck reached the middle of the block between Clinton and Pennsylvania avenues, about seventy-five feet from the latter avenue, Hall, at the left, was at the front end of the body of the truck and Jackson was on the right side, about the middle of the truck. When about ten feet from Pennsylvania avenue, Jackson had brought himself about at the cab of the truck. At Pennsylvania avenue the truck turned to the right into that highway, and Jackson endeavored to turn with it but was unsuccessful, the front wheel of the truck coming in contact with his bicycle, throwing him and causing injuries from which he died.

There was proof that the truck was traveling fast, and also that it was proceeding at a moderate rate of speed. The contention of the appellants was that Hall and Jackson were racing with each other and the truck, and that Jackson, by his own negligent acts, placed himself in a position of obvious danger, did not exercise reasonable care for his own safety, and that his acts were the proximate contributory

causes of the happening resulting in his injuries and death.

There are eleven grounds of appeals.

Numbers 3, 9, 10 and 11 are not argued.

The remaining grounds are grouped under three points.

Point one, grounds 1, 2, 3 and 4.

Point two, ground 5.

Point three, grounds 6 and 7; these were abandoned at the oral argument.

*Point one.* The testimony of Michael J. Doherty was, by consent, taken *de bene esse,* in Michigan. At the trial these depositions were offered and certain questions and answers being objected to by counsel for respondent, the objections were sustained by the trial court. The contention of appellants is that such rulings by the trial court were erroneous because no objections had been lodged against such questions and answers at the time the depositions were taken.

These depositions were taken pursuant to section 57 of the Evidence act (2 *Comp. Stat., p.* 2237), which, *inter alia,* provides, "\* \* \* either party may file the transcript of such testimony with the clerk of the court in which such action is pending, and thereupon either party may use the testimony so taken on the trial of said action in the same manner and with the same force and effect as if said testimony had been taken under a commission duly issued by the court on application therefor made as hereinbefore provided to take *de bene esse* the testimony of such party or witness."

Section 52 of the same act (2 *Comp. Stat., p.* 2236) provides: "Any deposition or examination taken under this act shall be subject to be excluded or overruled, wholly or in part, according to the *opinion of the court,* upon any objection taken to the competency of the witness, the materiality or competency of the evidence given, or the regularity of the questions put, but shall not be excluded for any irregularity or informality in taking or returning the same, if the court in which the same is offered is satisfied that the testimony of the witness has been fairly and truly taken and returned; and if such deposition or examination shall be admitted in

evidence by the court, no exception shall be taken to the admission thereof on the ground of any irregularity or informality in taking or returning the same."

We think the statute contemplates that objections made to the competency of the witness and relevancy of the testimony, if made to the trial court when the depositions are offered in the trial of the cause, are timely, and such objections need not have been made at the time of taking the depositions.

"Objections to the procedure of taking and the form of the document must be made before trial; also objections to the manner of the interrogatories, for example, as improperly leading the deponent, or to the manner of the answers, as being insufficient or irresponsive. On the other hand, objections to the materiality or relevancy of the particular facts need not be made until the trial." 1 *Wigm.* 55, § 18. To the same effect is 18 *Corp. Jur., tit. "Depositions,"* p. 754, § 381, and *p.* 687, § 208.

There was no error, therefore, in the action and rulings of the trial judge in this respect.

Upon the question as to whether the questions and answers objected to were properly excluded, we find that they were because they were expressions of opinion or conclusions of the witness, and, therefore, there was no error in that direction.

The remaining grounds are argued under point two, and are directed at the refusal of the trial judge to direct a verdict in favor of appellants upon the ground of contributory negligence.

We are unable to find that the state of the proofs is materially different from what it was at the first trial, and we conclude that now, as then, it was a matter of facts and circumstances requiring submission to the jury.

The judgment below is therefore affirmed.